UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**TROVERCO, INC.,**<br><br>**Debtor.** | Chapter 11<br><br>Case No. 17-44474<br><br>**Hearing Date and Time:**<br>July 5, 2017, 10:30 a.m.<br><br>**Hearing Location:**<br>Courtroom 7 South<br><br>**Response Due:**<br>July 5, 2017 |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
CONTINUED USE OF THE DEBTOR'S EXISTING CASH MANAGEMENT
SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS**

Troverco, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, submits this motion (the "Motion") pursuant to sections 105(a) and 363(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing and approving the Debtor's continued use of its existing cash management system, prepetition bank accounts, and business forms. In support of this Motion, the Debtor respectfully represents as follows:

**INTRODUCTION**

1. On June 29, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee, examiner or official committee has been appointed in this chapter 11 case.

4. Simultaneously with the filing of this Motion, the Debtor filed the *Declaration of Joseph E. Trover, Jr. in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration and incorporated herein by reference.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are sections 105(a) and 363(c) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

7. In the ordinary course of the Debtor's business operations, the Debtor maintains certain bank accounts (collectively, the "Bank Accounts") with The Private Bank and various other institutions (collectively, the "Banks"), which provide established mechanisms for the collection, management and disbursement of funds used in the Debtor's operations (the "Cash Management System"). A list of the Bank Accounts is attached hereto as Exhibit A. The Debtor submits that all of the Bank Accounts are maintained with financially stable banking institutions.

8. Specifically, the Debtor maintains a controlled disbursement account (the "Disbursement Account") and an operating account (the "Operating Account") at The Private

Bank, as well as 23 deposit accounts at various locations located near the Debtor's truck routes (the "Deposit Accounts"). Throughout the day, deposits are made into the Deposit Accounts, which are then transferred into the Operating Account on a weekly basis, and then swept into the Disbursement Account. All other funds that the Debtor received in the ordinary course of business are deposited into the Operating Account and then swept into the Disbursement Account. The Disbursement Account is used to pay the Debtor's vendors and other creditors. The Debtor also maintains a medical plan account which is used to fund payments made by the third-party administrator that administers the Debtor's self-insured medical plan. The Debtor also maintains a money market account at The Private Bank, which has a current balance of approximately $1,500 and is not used for investments of any kind.

9.   The Cash Management System includes the necessary accounting controls to enable the Debtor, as well as creditors and the Court, to trace funds through the system and ensure that all transactions are adequately documented and readily ascertainable. The Debtor maintains and will continue to maintain detailed and accurate accounting records reflecting all transfers of funds. The Debtor's Cash Management System is similar to those used by other corporate enterprises of similar size and provides significant benefits to the Debtor, including the ability to (a) accurately and immediately report receipts and expenditures, (b) control corporate funds centrally, (c) ensure the availability of funds when necessary, and (d) reduce administrative expenses by centralizing the movement of funds.

**RELIEF REQUESTED**

10.   By this Motion, the Debtor requests entry of an order, pursuant to sections 105(a) and 363(c) the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing the Debtor to

continue using its prepetition Cash Management System, existing Bank Accounts, and business forms.

11. In connection with this relief, the Debtor further requests a waiver of certain guidelines (the "U.S. Trustee Guidelines") established by the Office of the United States Trustee for Region 13 that require the Debtor to close all prepetition bank accounts, open new accounts designated as debtor-in-possession accounts and obtain new checks bearing a "debtor-in-possession" legend.

## BASIS FOR RELIEF

### A. The Continued Use of the Debtor's Cash Management System is Essential to the Debtor's Ongoing Operations and Restructuring.

12. The Debtor requests authority to continue to use its Cash Management System in order to avoid disruption to its business operations and preserve its going concern value. If the Debtor's business operations are interrupted and payments are halted following the chapter 11 filing, the Debtor will be unable to maximize the value of its estate. Therefore, it is essential that the Court permit the Debtor to continue to utilize its Cash Management System to manage its cash flow in the ordinary course of business pursuant to the procedures employed prior to the Petition Date.

13. The Cash Management System constitutes a customary and essential business practice for the Debtor. It allows the Debtor to control and monitor corporate funds and ensure cash availability. Requiring the Debtor to establish a new system of accounts would be unduly burdensome with little corresponding benefit. Accordingly, the Debtor respectfully requests that the Court authorize the Debtor's continued use of the Cash Management System described herein.

14. Section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. §363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor with the flexibility to engage in its day-to-day transactions without undue oversight by creditors or the court. *See Habinger, Inc. v. Metro. Cosmetic & Reconstructive Surgical Clinic, P.A.*, 124 B.R. 784, 786 (D. Minn. 1990). A debtor's ability to continue using a cash management system and engage in related routine transactions falls within the parameters of section 363(c)(1) of the Bankruptcy Code. *See Amdura Nat'l Distrib. Co. v. Amdura Corp., Inc. (In re Amdura Corp., Inc.)*, 75 F.3d 1447, 1453 (10th Cir. 1996); *Charter Co. v. Prudential Ins. Co. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (holding that a debtor's request for authority to continue using its existing cash management system is consistent with section 363(c)(1) of the Bankruptcy Code). Accordingly, the Debtor seeks authority under section 363(c)(1) of the Bankruptcy Code to continue the collection and disbursement of funds pursuant to its Cash Management System.

15. The Court may also exercise its equitable powers to grant the relief requested herein. Under section 105(a) of the Bankruptcy Code, the Court has broad authority "to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code." *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986). Section 105(a) affords the Court "great latitude to protect the assets of the debtor's estate, including the use of equitable remedies to ensure maintenance of the status quo." *Steinberg v. Esposito*, 33 B.R. 812, 813 (N.D. Ill. 1983).

16. The Debtor respectfully submits that any disruption to the Cash Management System would have an immediate adverse impact on the Debtor's estate and that it is well within the Court's equitable power under section 105(a) to approve the continued use of the Cash

Management System. Courts in this District routinely authorize chapter 11 debtors to continue using prepetition cash management systems. *See, e.g., In re Arch Coal Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) (granting motion to continue using cash management system on an interim basis); *In re Bakers Footwear Grp., Inc.*, No. 12-49658 (Bankr. E.D. Mo. Nov. 1, 2012); *In re US Fidelis, Inc.*, No. 10-41902 (Bankr. E.D. Mo. Mar. 10, 2010); *In re ContinentalAFA Dispensing Co.*, No. 08-45921 (KAS) (Bankr. E.D. Mo. Aug. 12, 2008); *In re Dry Ice, Inc.*, No. 05-49452 (Bankr. E.D. Mo. Aug. 15, 2005); *In re Union Fin. Servs. Grp., Inc.*, No. 03-45870 (Bankr. E.D. Mo. May 12, 2003); *In re Thermadyne Holdings Corp.*, No. 01-52840 (Bankr. E.D. Mo. Nov. 21, 2001); *In re Bridge Info. Sys., Inc.*, No. 01-41593 (Bankr. E.D. Mo. Feb. 16, 2001).

B.  **Maintaining Existing Bank Accounts and Business Forms is Warranted and Appropriate Under the Circumstances.**

17. The U.S. Trustee Guidelines require that chapter 11 debtors, among other things: (a) close all existing bank accounts upon filing their petitions and open new "debtor-in-possession" accounts in certain financial institutions designated as authorized depositories by the U.S. Trustee; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes; and (c) maintain a separate debtor-in-possession account for cash collateral. However, the Court has authority to waive strict enforcement of the requirements imposed by U.S. Trustee Guidelines. *See, e.g., In re Bakers Footwear Grp., Inc.*, Case No. 12-49658-705 (CER) (Bankr. E.D. Mo. Oct. 5, 2012); *In re US Fidelis, Inc.*, Case No. 10-41902-705 (CER) (Bankr. E.D. Mo. Mar. 10, 2010); *In re Dry Ice, Inc.*, Case No. 05-49452-399 (BSS) (Bankr. E.D. Mo. July 11, 2005); *In re Union Fin. Servs. Grp., Inc.*, Case No. 03-45870-399 (BSS) (Bankr. E.D. Mo. May 12, 2003); *In re Thermadyne Holdings Corp.*, Case No. 01-52840-399

(BSS) (Bankr. E.D. Mo. Nov. 21, 2001); *In re Bridge Info. Sys., Inc.*, Case No. 01-41593-293 (BSS) (Bankr. E.D. Mo. Feb. 16, 2001).

18. In this chapter 11 case, strict enforcement of the U.S. Trustee Guidelines would disrupt the Debtor's ordinary business operations, delay payment to administrative creditors, and increase the estate's expenses. Therefore, the Debtor seeks a waiver of the U.S. Trustee Guidelines requiring that the Debtor close its existing Bank Accounts and open new post-petition accounts.

19. If the Court grants the relief requested herein, the Debtor will implement appropriate mechanisms to ensure that no payments will be made on any prepetition debts, other than those authorized by the Court. Specifically, the Debtor will identify all prepetition checks and other forms of payment outstanding on the Petition Date and notify the appropriate bank not to pay such checks or obligations absent Court approval.

20. The Debtor further requests that the Banks be authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all post-petition checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor.

21. Notwithstanding anything to the contrary in any other order of this Court, the Debtor requests that the Banks be authorized to accept and honor all representations from the Debtor as to which checks, drafts, wires, or ACH Transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such checks, drafts, wires, or ACH Transfers are dated prior to, on, or subsequent to the Petition Date. Pursuant to the relief requested in this Motion, no Bank shall incur, and each is hereby released from, any liability for

relying upon a Debtor's instruction as to which checks, drafts, wires or ACH Transfers should be honored or dishonored or for such Bank's inadvertence in honoring any check, draft, wire or ACH Payment at variance from the Debtor's instructions unless such inadvertence constituted gross negligence or willful misconduct on the part of such Bank.

22. The Debtor also seeks Court approval to continue to utilize its customary and usual business forms including, but not limited to, pre-printed checks, correspondence, purchase orders, letterhead, envelopes, promotional materials, and other business forms (the "Business Forms"), substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's status as a debtor-in-possession. The Debtor submits that Court approval of the continued use of its Business Forms will benefit the Debtor's estate by preserving business continuity while obviating the delay and expense associated with the discontinuance of the use of such Business Forms and obtaining all new forms.

### C.    **The Court Should Authorize the Debtor to Open and Close Bank Accounts.**

23. The Debtor requests authority to open any new bank accounts or close any existing Bank Accounts as the Debtor may deem necessary and appropriate in its sole discretion, provided that the Debtor gives notice of the closing of any Bank Accounts or the opening of any new bank accounts within fifteen (15) days thereafter to the Office of the United States Trustee for the Eastern District of Missouri and any statutory committees that may be appointed in this chapter 11 case. Further, the Debtor shall only open new bank accounts at banks that have executed a Depository Agreement with the Office of the United States Trustee for the Eastern District of Missouri or at banks that are willing to execute such an agreement immediately.

**D.      Immediate Relief is Necessary to Avoid Immediate and Irreparable Harm.**

24.     Bankruptcy Rule 6003 provides that to the extent "relief is necessary to avoid immediate and irreparable harm," a Bankruptcy Court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one days after the Petition Date. Fed. R. Bankr. P. 6003. While the Debtor does not anticipate that any prepetition amounts will be due to the Banks on account of maintaining the Cash Management System, the Debtor submits that the facts described herein demonstrate the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor's business operations and the value of the Debtor's estate, and that Bankruptcy Rule 6003 has been satisfied to permit such payments, if any are necessary.

25.     To implement the foregoing immediately, the Debtor further seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court others otherwise." As set forth above, the Cash Management System described herein is essential to prevent irreparable damage to the Debtor's operations and value. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

**NOTICE**

26.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Eastern District of Missouri, (ii) the Debtor's twenty (20) largest unsecured creditors, (iii) the Internal Revenue Service; (iv) all parties that have requested notice in this

chapter 11 case pursuant to Bankruptcy Rule 2002; and (v) the Banks. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtor submits that, under the circumstances, no other or further notice is required.

27. No previous application for the relief sought herein has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WA 9873880.1

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: June 30, 2017
St. Louis, Missouri

Respectfully submitted,

**SPENCER FANE LLP**

/s/ Ryan C. Hardy
Eric C. Peterson MO #62429
Ryan C. Hardy MO #62926
1 North Brentwood Boulevard
Suite 1000
St. Louis, MO 63105
(314) 863-7733
(314) 862-4656 – Fax
epeterson@spencerfane.com
rhardy@spencerfane.com

Lisa A. Epps MO#48544
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
lepps@spencerfane.com

- and -

**CULLEN AND DYKMAN LLP**

S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 849-0220
steele@cullenanddykman.com
nstefanelli@cullenanddykman.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

**Exhibit A**
**List of Bank Accounts**

| Bank | Account No. | Account Description |
|---|---|---|
| The Private Bank | xxx6770 | Disbursement Account |
| The Private Bank | xxx7296 | Operating Account |
| The Private Bank | xxx7301 | Medical Plan Account |
| The Private Bank | xxx1903 | Money Market Account |
| Equity Bank | x0287 | Deposit Account |
| Central Bank | xxx5570 | Deposit Account |
| 1st Fidelity Bank | xxxxxx9589 | Deposit Account |
| Sycamore Bank | xxx3539 | Deposit Account |
| 1st Mid-Illinois Bank | xx6104 | Deposit Account |
| First Federal | xx7590 | Deposit Account |
| Heartland Bank & Trust Co | x8929 | Deposit Account |
| Chase Bank | xxxxx7313 | Deposit Account |
| Montgomery Bank | xx9373 | Deposit Account |
| Capital One | xxx4548 | Deposit Account |
| Empire Bank/Central Bank of the Ozarks | xxx7733 | Deposit Account |
| Arvest Bank | xxxx6659 | Deposit Account |
| American Heritage Bank | xxxxxx2063 | Deposit Account |
| Landmark Bank | xxxx2271 | Deposit Account |
| First National Bank (FNB) | xxx2529 | Deposit Account |
| Emprise Bank | xxxx5277 | Deposit Account |
| Arvest Bank | xxxxx4912 | Deposit Account |
| Bank of America | xxxxxxxx0643 | Deposit Account |
| Bank of America | xxxxxxxxx4415 | Deposit Account |
| Bank of America | xxxxxxxxx6336 | Deposit Account |
| Chase Bank | xxxxxx2326 | Deposit Account |
| Triumph Community Bank | xxx4760 | Deposit Account |
| First Financial Bank | xxx8559 | Deposit Account |

WA 9873880.1