UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**TROVERCO, INC.,**<br><br><br>**Debtor.** | Chapter 11<br><br>Case No. 17-44474<br><br>**Hearing Date and Time:**<br>July 5, 2017, 10:30 a.m.<br><br>**Hearing Location:**<br>Courtroom 7 South, Thomas F. Eagleton U.S. Courthouse<br><br>**Response Due:**<br>July 5, 2017 |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
PAYMENT OF CERTAIN PREPETITION TAXES AND FEES
AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO
PROCESS AND CASH RELATED CHECKS AND TRANSFERS**

Troverco, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, submits this motion (the "Motion"), pursuant to sections 105, 363(b), 507(a)(8) and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (i) authorizing, but not requiring, the Debtor to remit and pay prepetition claims of certain taxing and regulatory authorities (each, an "Authority" and collectively, the "Authorities"), and (ii) authorizing the Debtor's banks and financial institutions to receive, process and honor all checks and electronic payment requests relating to the foregoing. In support of this Motion, the Debtor respectfully states as follows:

**INTRODUCTION**

1. On June 29, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee, examiner or official committee has been appointed in this chapter 11 case.

4. Simultaneously with the filing of this Motion, the Debtor filed the *Declaration of Joseph E. Trover, Jr. in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration and incorporated herein by reference.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are sections 105, 363(b), 507(a)(8) and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## THE DEBTOR'S TAX OBLIGATIONS

7. In the ordinary course of business, the Debtor incurs and/or collects taxes, including, but not limited to, income, franchise, sales and use, property, excise, fuel and other miscellaneous taxes in (collectively, the "Taxes") and remits such Taxes to the Authorities as they become due. In addition, due to the nature of its business, the Debtor may incur fees and other similar assessments (collectively, the "Fees"), including, but not limited to, vehicle registrations and fees, toll charges, vehicle permits, licenses and registrations and other miscellaneous charges, and remits such Fees to various Authorities as they become due.

8. While the Debtor does not believe that any Taxes or Fees remain outstanding as of the Petition Date, the Debtor seeks the relief requested herein in an abundance of caution in the event that an obligation was inadvertently overlooked or that other prepetition amounts may become due and owing to an Authority after the Petition Date in the ordinary course.

## RELIEF REQUESTED

9. By this Motion, the Debtor seeks authorization to pay all prepetition Taxes and Fees in the ordinary course of business that were owed to the Authorities prepetition but were not in fact paid or processed prepetition, or were paid prepetition in an amount less than is actually owed, or to the extent any such payments made prepetition were rejected, lost or otherwise not received in full by any Authority. Furthermore, the Debtor seeks authorization to pay any prepetition Taxes or Fees that arose prior to the Petition Date that became due and owing during the pendency of this chapter 11 case in the ordinary course of business. To the extent that any checks, drafts, deposits or transfers issued or initiated by the Debtor on account of prepetition Taxes and Fees have not cleared as of the Petition Date, the Debtor also seeks an order authorizing banks and other financial institutions to honor and process such payments.

## BASIS FOR RELIEF

**A. Payment of the Taxes and Fees is Warranted and Appropriate Under the Circumstances.**

10. The Debtor submits that there are various grounds that justify granting the relief requested herein.

11. Certain Taxes collected by the Debtor are held in trust for the benefit of the applicable Authority. Thus, these Taxes are not property of the Debtor's estate. *See Begier v. I.R.S.*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment of trust fund taxes is not an avoidable preference because such funds are not property of the debtor's estate). The Debtor

3                                                          WA 9874027.1

does not have an equitable interest in such Taxes and, assuming they could be identified and traced, such amounts would not constitute property of the estate and would not be subject to the automatic stay. *See In re Megafoods Stores, Inc.*, 163 F.3d 1063, 1067–69 (9th Cir. 1998) (determining that, under Texas law, state sales taxes the debtor collected created a statutory trust fund, if traceable, and were not property of the estate); *In re Al Copeland Enter.*, 991 F.2d 233, 235–37 (5th Cir. 1993) (holding that debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estate); *In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (concluding that sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433–34 (2d Cir. 1985) (concluding that sales taxes are "trust fund" taxes). Because the Debtor lacks an equitable interest in the trust fund Taxes, payment does not prejudice the rights of any other creditors. Therefore, the Debtor should be able to pay any Taxes that constitute trust fund Taxes as they become due and payable.

12. Furthermore, the Debtor believes that paying the Taxes and Fees, to the extent that any are outstanding or will become outstanding during the pendency of this case, is necessary to protect the estate and should be permitted under sections 363(b)(1) and 105(a) of the Bankruptcy Code.

13. Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b). Section 105(a) of the Bankruptcy Code further empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see In re Wehrenberg, Inc.*, 260 B.R. 468, 469 (Bankr. E.D. Mo. 2001) ("Pursuant to 11 U.S.C. § 105(a) the Court may authorize the payment

of prepetition claims when such payments are necessary to the continued operation of the Debtor.").

14. The "necessity of payment" doctrine further supports the relief requested herein. This doctrine recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor. *See Miltenberger v. Logansport C. & S.W.R. Co.*, 106 U.S. 286, 311 (1882); *Southern Ry. Co. v. Flournoy*, 301 F.2d 847, 852 (4th Cir. 1962); *Ionosphere Clubs*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *see also In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987); *In re Just For Feet, Inc.*, 242 B.R. 821, 825-26 (D. Del. 1999) ("[n]ecessity of payment doctrine recognizes that paying certain prepetition claims may be necessary to realize the goal of chapter 11 – a successful reorganization"). This doctrine is consistent with the paramount goal of chapter 11, "facilitating the continued operation and rehabilitation of the debtor . . . ." *Ionosphere Clubs*, 98 B.R. at 176.

15. Here, the Debtor's ability to pay any prepetition Taxes and Fees, to the extent owed, is critical to maximizing the value of its estate. For example, the Authorities could initiate audits of the Debtor if the Taxes and Fees are not paid on time, which would unnecessarily divert the Debtor's attention away from the chapter 11 process and result in unnecessary expenses. Moreover, if the Debtor does not pay such amounts in a timely manner, the Authorities may attempt to suspend the Debtor's operations, file liens, seek to lift the automatic stay, seek payment from the Debtor's directors and officers or pursue other remedies that could materially harm the Debtor's estate.

16. Likewise, a portion or all of the Taxes and Fees may be entitled to priority status under section 507(a)(8) of the Bankruptcy Code and, therefore, must be paid in full under any

chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(c). Thus, the Debtor submits that the payment of such Taxes and Fees as requested by this Motion will likely affect only the timing of the payments and not the amounts that would ultimately be received by the applicable Authorities. Further, paying such Taxes and Fees will give the Authorities no more than that to which they otherwise are entitled under a chapter 11 plan, and will save the Debtor the potential interest expense (and penalties) that might otherwise accrue.

17. In numerous chapter 11 cases in this and other districts, courts have authorized similar relief to that requested herein. *See, e.g.*, *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 14, 2016); *In re Bakers Footwear Grp. Inc.*, No. 12-49658 (CER) (Bankr. E.D. Mo. Oct. 9, 2012); *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Sept. 3, 2015); *In re Walter Energy, Inc.*, No. 15-02741 (TOM) (Bankr. N.D. Ala. July 15, 2015); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. June 4, 2015); *In re Magnetation LLC*, No. 15-50307 (GFK) (Bankr. D. Minn. May 7, 2015); *In re Allied Nev. Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. Apr. 15, 2015); *In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Apr. 10, 2015); *In re RadioShack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del. Feb. 9, 2015); *In re James River Coal Co.*, No. 14-31848 (Bankr. E.D. Va. Apr. 10, 2014). The Debtor submits that the circumstances here warrant granting similar relief, and that doing so is in the best interests of the Debtor, its estate and creditors.

18. The Debtor also requests that the Court authorize the Debtor's banks, when requested by the Debtor in its sole discretion, to process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtor's bank accounts to pay any prepetition obligations due to the Authorities, whether such checks or other requests were submitted prior to or after the

Petition Date. The Debtor further requests that all such banks be authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Motion.

19. Any delay in paying the outstanding Taxes and Fees, to the extent that there are any, would be detrimental to the Debtor and its estate. Such delay would likely cause issues with the Authorities that would disrupt the Debtor's operations. Accordingly, for the reasons set forth herein, the Debtor submits that cause exists for granting the requested relief.

B. **Immediate Relief is Necessary to Avoid Immediate and Irreparable Harm.**

20. Bankruptcy Rule 6003 provides that to the extent "relief is necessary to avoid immediate and irreparable harm," a Bankruptcy Court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one days after the Petition Date. Fed. R. Bankr. P. 6003. The Debtor submits that the facts described herein demonstrate the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor's business operations and the value of the Debtor's estate, and that Bankruptcy Rule 6003 has been satisfied to permit such payments, if any are necessary.

21. To implement the foregoing immediately, the Debtor further seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court others otherwise." As set forth above, any delay in paying the outstanding Taxes and Fees, to the extent that there are any, would be detrimental to the Debtor and its estate. Accordingly, the Debtor submits that ample cause exists to justify a

waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## NOTICE

22. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Eastern District of Missouri, (ii) the Debtor's twenty (20) largest unsecured creditors, (iii) the Internal Revenue Service; and (iv) all parties that have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtor submits that, under the circumstances, no other or further notice is required.

23. No previous application for the relief sought herein has been made to this or any other Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Debtor respectfully requests entry of on order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: June 30, 2017
St. Louis, Missouri

Respectfully submitted,

**SPENCER FANE LLP**

/s/ Ryan C. Hardy
Eric C. Peterson MO #62429
Ryan C. Hardy MO #62926
1 North Brentwood Boulevard
Suite 1000
St. Louis, MO 63105
(314) 863-7733
(314) 862-4656 – Fax
epeterson@spencerfane.com
rhardy@spencerfane.com

Lisa A. Epps MO#48544
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
lepps@spencerfane.com

- and -

**CULLEN AND DYKMAN LLP**

S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 849-0220
steele@cullenanddykman.com
nstefanelli@cullenanddykman.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

WA 9874027.1