UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**TROVERCO, INC.,**<br><br>Debtor. | Chapter 11<br><br>Case No. 17-44474<br><br>**Hearing Date and Time:**<br>July 5, 2017, 10:30 a.m.<br><br>**Hearing Location:**<br>Courtroom 7 South, Thomas F. Eagleton U.S. Courthouse<br><br>**Response Due:**<br>July 5, 2017 |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) PROHIBITING UTILITY PROVIDERS FROM DISCONTINUING, ALTERING
OR REFUSING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II)
DEEMING UTILITY PROVIDERS TO HAVE ADEQUATE ASSURANCE OF
FUTURE PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR
RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

Troverco, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, submits this motion (the "Motion") for entry of interim and final orders, pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), (i) prohibiting all utility providers (the "Utility Providers") from discontinuing, altering or refusing service on account of prepetition invoices, (ii) deeming the Utility Providers to have adequate assurance of future payment, and (iii) establishing procedures for resolving requests for additional assurance. In support of this Motion, the Debtor respectfully represents as follows:

**INTRODUCTION**

1.     On June 29, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

9875457.1

2. The Debtor continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee, examiner or official committee has been appointed in this chapter 11 case.

4. Simultaneously with the filing of this Motion, the Debtor filed the *Declaration of Joseph E. Trover, Jr. in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Declaration and incorporated herein by reference.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are sections 105(a), 345(b), and 363(c) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## RELIEF REQUESTED

7. By this Motion, the Debtor seeks entry of an interim order (the "Interim Order") and a final order (the "Final Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) prohibiting the Utility Providers from discontinuing, altering or refusing service on account of prepetition invoices, (ii) deeming the Utility Providers to have adequate assurance of future payment, and (iii) establishing procedures for resolving requests for additional assurance.

8. Uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of its reorganization. Any interruption of utility services, even for a

brief period of time, would negatively affect the Debtor's operations, customer relationships, revenues, and profits, and seriously jeopardize the Debtor's reorganization efforts. It is therefore critical that utility services continue uninterrupted during this chapter 11 case.

9. In the ordinary course of its business, the Debtor incurs liabilities to the Utility Providers for, *inter alia*, electricity, gas, water, sewer service, telecommunications and internet services, cable television services and other services, at an average monthly total rate of approximately $57,120. A list of the Utility Providers subject to this Motion is attached hereto as Exhibit A.[1]

10. The Debtor intends to pay all post-petition utility services as they become due. Nevertheless, to provide additional assurance of payment for future services to the Utility Providers the Debtor will deposit $26,144.20 (the "Adequate Assurance Deposit") into a segregated account (the "Adequate Assurance Deposit Account"), within ten (10) business days of the entry of the Final Order. This Adequate Assurance Deposit represents an amount equal to the estimated aggregate cost for two weeks of utility service with respect to those Utility Providers paid directly by the Debtor, calculated as a historical average over the past twelve months; however, the Adequate Assurance Deposit does not include a deposit for any Utility Provider that is paid in advance for its services or holds a deposit equal to or greater than the estimated aggregate cost for two weeks of utility service with respect to such Utility Provider (which existing deposit shall be deemed to be adequate assurance with respect to such Utility

---

[1] While the Debtor believes that all of its Utility Providers are listed in <u>Exhibit A</u>, it is possible that certain Utility Providers may have been inadvertently omitted. Accordingly, the Debtor reserves the right to amend <u>Exhibit A</u> to add any omitted Utility Provider and to request that the relief set forth in this Motion apply to such entities. In addition, the Debtor reserves the right to assert that any of the entities now or hereafter listed in <u>Exhibit A</u> are not "utilities" within the meaning of section 366 of the Bankruptcy Code.

9875457.1

Provider). The Debtor submits that the proposed adequate assurance provides protection in excess of that required to grant sufficient adequate assurance to the Utility Providers.

11. Given the nature of the Debtor's business, uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of the Debtor's chapter 11 efforts. Should one or more of the Utility Providers refuse or discontinue service even for a brief period, the Debtor's operations would be severely disrupted. Such an interruption would critically damage customer relationships, revenues, and profits, and would adversely affect the Debtor's chapter 11 efforts, to the detriment of its estate, creditors, employees and customers. It is therefore critical that utility services provided to the Debtor continue uninterrupted.

12. Accordingly, the Debtor seeks an order providing that a Utility Provider shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code by virtue of the payment of the Adequate Assurance Deposit unless and until a future order of this Court is entered requiring further adequate assurance of payment. The Debtor also seeks authorization to pay the Adequate Assurance Deposit and Additional Assurance Requests (defined below) notwithstanding any other order of this Court to the contrary.

13. To ensure that all Utility Providers receive adequate notice of the proposed Adequate Assurance Deposit and an opportunity to request different treatment, the Debtor requests that the Court approve and adopt the following Adequate Assurance Procedures (the "Adequate Assurance Procedures"):

    (a) The Debtor will serve a copy of this Motion, together with the proposed form of Final Order on each Utility Provider within three (3) business days after entry of the Interim Order.

    (b) If a Utility Provider is not satisfied with the proposed Adequate Assurance Deposit provided by the Debtor, the Utility Provider must serve a request

4

9875457.1

for additional adequate assurance (the "Additional Assurance Request") such that it is received no later than twenty (20) days after entry of the Interim Order (the "Additional Assurance Deadline") by proposed counsel for the Debtor, Cullen and Dykman LLP, One Riverfront Plaza, 1037 Raymond Blvd., Suite 510, Newark, New Jersey 07102, Attn: Nicole Stefanelli, nstefanelli@cullenanddykman.com.

(c) Any Additional Assurance Request must (i) be in writing; (ii) set forth the location(s) for which Utility Services is provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) identify why the Utility Provider believes the proposed Adequate Assurance Deposit is insufficient; (v) set forth what the Utility Provider would accept as satisfactory adequate assurance of payment; and (vi) provide an address, telephone number, and electronic mail address to which the Debtor may respond to the Additional Assurance Request.

(d) Upon receipt of any Additional Assurance Request as set forth above, the Debtor shall have fifteen (15) days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to endeavor to resolve the Utility Provider's Additional Assurance Request. During this period, the Utility Provider may not discontinue, alter, or refuse service to, or discriminate against, the Debtor on the basis of any unpaid prepetition charges, the commencement of this chapter 11 case, or any objections to the proposed Adequate Assurance Deposit.

(e) Without further order of this Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider that served an Additional Assurance Request, if the Debtor, in its business judgment, determines that an Additional Assurance Request is reasonable.

(f) If the Debtor determines an Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the Utility Provider before the end of the Resolution Period, the Debtor will request a hearing before this Court to determine the adequacy of assurance of payment the Debtor has proposed with respect to the applicable Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(g) Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to, or discriminating against, the Debtor on the basis of unpaid prepetition charges, the commencement of this chapter 11 case, or on account of any objections to the proposed Adequate Assurance.

5

9875457.1

    (h)    The Proposed Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to serve a timely additional Assurance Request.

14.    Although the Debtor has used reasonable best efforts to identify all of Utility Providers, certain Utility Providers may inadvertently not have been included on Exhibit A. To the extent the Debtor amends Exhibit A and identify additional Utility Providers, the Debtor shall serve a copy of the Interim Order and/or the Final Order, as applicable, on such newly-identified Utility Provider. Any Utility Provider subsequently added to Exhibit A will be afforded a similar opportunity to make an Adequate Assurance Request pursuant to the Adequate Assurance Procedure above.

## **BASIS FOR RELIEF**

15.    The relief requested herein is proper pursuant to sections 105(a) and 366 of the Bankruptcy Code. Section 366 of the Bankruptcy Code is specifically designed to simultaneously protect the interests of a debtor and a utility provider. The interests of a debtor are protected to the extent that the Bankruptcy Code prohibits the automatic termination of utility services on account of outstanding prepetition invoices. Likewise, the interests of the utility providers are protected to the extent the Bankruptcy Code requires the debtor to provide adequate assurance of payment for future utility services. *See* H.R. Rep. No. 95-595, at 350 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6306.

16.    Specifically, section 366(a) of the Bankruptcy Code prohibits utilities from altering, refusing, or discontinuing service to a chapter 11 debtor for the first thirty (30) days of a bankruptcy case (the "Utilities Stay Period") solely because of the commencement of the chapter 11 case or because of unpaid prepetition amounts. Upon expiration of the Utilities Stay Period, however, section 366(b) of the Bankruptcy Code provides that a utility provider may (but need

6

not) terminate services if a debtor has not provided such utility with adequate assurance of payment for post-petition services in a form "satisfactory" to the utility, within twenty (20) days of the Petition Date.

17. Section 366(c)(1)(A)[2] of the Bankruptcy Code defines "assurance of payment" as "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed upon between the utility and the debtor or the trustee." Although the provision specifies the form of assurance, the determination of whether the amount of assurance is deemed adequate remains within this Court's discretion.

18. The Debtor seeks to provide the Utility Providers with such adequate assurance of payment through this Motion. Indeed, the Debtor could face an unnecessary cash drain if the Utility Providers condition the provision of post-petition services to the Debtor upon the payment of exorbitantly burdensome and/or unreasonable deposits, or other forms of adequate assurance.

19. In addition, the Court may, pursuant to section 105(a) of the Bankruptcy Code, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01, at 105-06 (15th ed. rev. 2004). The Debtor submits that relief under section 105(a) is necessary to enable the Debtor to continue its normal business operations and to preserve its ability to effectuate an orderly restructuring of its business.

---

[2] As amended by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

9875457.1

20. Courts have continued to follow pre-BAPCPA case law for guidance in determining whether a debtor has provided adequate assurance of payment. *See In re Anchor Glass Container Corp.*, 342 B.R. 872, 874-875 (Bankr. M.D. Fla. 2005); *In re Astle*, 338 B.R. 855, 860 (Bankr. D. Idaho 2006). As set forth in relevant pre-BAPCPA case law, courts generally consider the facts and circumstances of each case to ensure that a utility provider is not subject to an unreasonable risk of nonpayment for post-petition services. *See e.g. In re Keydata Corp.*, 12 B.R. 156, 158 (1st Cir. B.A.P. 1981). When determining what constitutes "adequate" assurance, a bankruptcy court must "'focus upon the need of the utility for assurance, and . . . require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" *Virginia Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 650 (2d Cir. 1997) (quoting *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987) (emphasis in original)).

21. In conjunction with section 366(b) of the Bankruptcy Code, courts have recognized that adequate assurance of payment does not require an absolute guaranty of the debtor's ability to pay. *See, e.g., In re Caldor, Inc.-NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) (holding that "[s]ection 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guaranty of payment'") (citation omitted).

22. As set forth above, if the Utility Providers are permitted to terminate utility services on the thirty-first day after the Petition Date, a substantial disruption to the Debtor's operations will occur, and the Debtor's business will be irreparably harmed. The threat of imminent termination of utility services would force the Debtor to pay whatever amounts are demanded by the Utility Providers to avoid the cessation of essential utility services.

8

23. The relief sought in this Motion thus represents well-precedented and reasonable means of adequately assuring payment for the Utility Providers, while ensuring that the Debtor's business is permitted to operate without the interruption of such services that would be so detrimental to its business.

24. Accordingly, based on the foregoing facts and authorities, the Debtor believes that granting the relief requested herein will not prejudice the rights of the Utility Providers under section 366 of the Bankruptcy Code.

25. The Debtor submits that the Adequate Assurance Procedures set forth herein provide an orderly process for providing adequate assurance of payment to the Utility Providers, without risking irreparable harm to its estate. Without the Adequate Assurance Procedures set forth herein, the Debtor could be forced to address numerous requests by Utility Providers in a haphazard manner at a critical period, while the Debtor is trying to move forward with this chapter 11 case. Without the relief requested herein, the Debtor could be forced to capitulate to almost any demands made by the Utility Providers, or face the discontinuation of utility service to its facilities and a potential shutdown of its business. The orderly process contemplated by the Adequate Assurance Procedures set forth herein will avert such a potentially disastrous outcome, enabling the Debtor to make a smooth transition into chapter 11, while ensuring a fair process for providing adequate assurance to the Utility Providers to the extent required.

26. Procedures similar to those detailed herein have been approved by courts in this and other district under the standards set forth by Congress in BAPCPA. *See, e.g., In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 14, 2016); *In re Bakers Footwear Grp. Inc.*, No. 12-49658 (CER) (Bankr. E.D. Mo. Oct. 18, 2012); *In re ContinentalAFA Dispensing Co.*, No. 08-45921 (KAS) (Bankr. E.D. Mo. Aug. 29, 2008); *In re Walter Energy, Inc.*, No. 15-

9

9875457.1

02741 (TOM) (Bankr. N.D. Ala. Aug. 19, 2015); *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Sept. 17, 2015); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. July 17, 2015); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. June 5, 2015); *In re Magnetation LLC*, No. 15-50307 (GFK) (Bankr. D. Minn. May 7, 2015); *In re Allied Nev. Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. April 15, 2015); *In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. April 14, 2015); *In re Dune Energy, Inc.*, No. 15-10336 (HCM) (Bankr. W.D. Tex. March 10, 2015); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. April 11, 2014); *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. July 26, 2012).

27. The Debtor requests that the Final Hearing be scheduled to consider entry of a final order granting the relief requested herein on a permanent basis. Further, pursuant to Bankruptcy Code Section 102(1), the Debtor seeks a waiver, for the purposes of this Motion, of the notice requirements under Bankruptcy Rule 6004(a) and a waiver of the 14-day waiting period otherwise required to effectuate an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent applicable.

## NOTICE

28. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Eastern District of Missouri, (ii) the Debtor's twenty (20) largest unsecured creditors, (iii) the Internal Revenue Service; (iv) all parties that have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002; and (v) the Utility Providers. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtor submits that, under the circumstances, no other or further notice is required.

9875457.1

29. No previous application for the relief sought herein has been made to this or any other Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

9875457.1

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: June 30, 2017
St. Louis, Missouri

Respectfully submitted,

**SPENCER FANE LLP**

/s/ Ryan C. Hardy
Eric C. Peterson MO #62429
Ryan C. Hardy MO #62926
1 North Brentwood Boulevard
Suite 1000
St. Louis, MO 63105
(314) 863-7733
(314) 862-4656 – Fax
epeterson@spencerfane.com
rhardy@spencerfane.com

Lisa A. Epps MO#48544
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
lepps@spencerfane.com

- and -

**CULLEN AND DYKMAN LLP**

S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 849-0220
steele@cullenanddykman.com
nstefanelli@cullenanddykman.com

*Proposed Co-Counsel to the Debtor and Debtor-in-Possession*

9875457.1

**Exhibit A**
**List of Utility Providers**

| Utility Provider | Address | City | State | Zip | Proposed Deposit |
|---|---|---|---|---|---|
| Alabama Power | P.O. Box 242 | Birmingham | AL | 35292 | $82.37 |
| Alcatraz IEC LLC | 55 S State Ave Suite 309 | Indianapolis | IN | 46201 | $161.54 |
| Ameren | P.O. Box 88034 | Chicago | IL | 60680-1034 | $2,399.81 |
| Ameren | P.O. Box 88034 | Chicago | IL | 60680-1034 | $44.65 |
| Ameren | P.O. Box 88034 | Chicago | IL | 60680-1034 | $34.57 |
| Ameren | P.O. Box 88034 | Chicago | IL | 60680-1034 | $56.41 |
| Ameren | P.O. Box 88034 | Chicago | IL | 60680-1034 | $99.44 |
| Ameren | P.O. Box 88034 | Chicago | IL | 60680-1034 | $66.89 |
| Ameren IL | P.O. Box 88034 | Chicago | IL | 60680-1034 | $337.42 |
| Ameren IL | P.O. Box 88034 | Chicago | IL | 60680-1034 | $424.94 |
| Ameren IL | P.O. Box 88034 | Chicago | IL | 60680-1034 | $226.56 |
| Ameren Missouri | P.O. Box 88068 | Chicago | IL | 60680-1068 | $1,463.29 |
| Ameren MO | P.O. Box 88068 | Chicago | IL | 60680-1068 | $178.00 |
| Ameren MO | P.O. Box 88068 | Chicago | IL | 60680-1068 | $44.00 |
| Ameren MO | P.O. Box 88068 | Chicago | IL | 60680-1068 | $95.56 |
| Area Disposal - MO/Quincy | P.O. Box 9071 | Peoria | IL | 61612-9071 | 26.88 |
| AT&T | P.O. Box 5080 | Carol Stream | IL | 60197-5080 | 172.81 |
| AT&T | P.O. Box 5080 | Carol Stream | IL | 60197-5080 | 27.92 |
| AT&T | P.O. Box 105414 | Atlanta | GA | 30348-5414 | 64.59 |
| AT&T | P.O. Box 105414 | Atlanta | GA | 30348-5414 | 40.10 |
| AT&T | P.O. Box 5001 | Carol Stream | IL | 60197-5001 | 51.09 |
| AT&T | P.O. Box 5001 | Carol Stream | IL | 60197-5001 | 52.92 |
| AT&T | P.O. Box 5001 | Carol Stream | IL | 60197-5001 | 26.71 |
| AT&T | P.O. Box 5001 | Carol Stream | IL | 60197-5001 | 59.74 |
| Atmos Energy | P.O. Box 790311 | St Louis | MO | 63179 | $18.13 |

13

9875457.1

| Utility Provider | Address | City | State | Zip | Proposed Deposit |
|---|---|---|---|---|---|
| Austell Natural Gas | P.O. Box 685 | Austell | GA | 30168 | $54.48 |
| Belleville Treasurer's Office | P.O. Box 338 | Belleville | IL | 62222 | 9.39 |
| Belleville Treasurer's Office | P.O. Box 338 | Belleville | IL | 62222 | 72.38 |
| Belleville Treasurer's Office | P.O. Box 338 | Belleville | IL | 62222 | 10.45 |
| Brandon's Trash Service Inc | P.O. Box 10385 | Russellville | AR | 72812 | 44.65 |
| Callaway Electric | P.O. Box 250 | Fulton | MO | 65251-0250 | $44.69 |
| CenturyLink | P.O. Box 4300 | Carol Stream | IL | 60197-4300 | 45.52 |
| CenturyLink | P.O. Box 2961 | Pheonix | AZ | 85062-2961 | 58.06 |
| Cirro Energy | P.O. Box 660004 | Dallas | TX | 75266 | $252.59 |
| Cirro Energy | P.O. Box 2229 | Houston | TX | 77252 | $379.59 |
| Cirro Energy | P.O. Box 2229 | Houston | TX | 77252 | $70.36 |
| City Corporation Russellville Water & Sewer | 205 W Third Place | Russellville | AR | 72801 | 45.22 |
| City Corporation Russellville Water & Sewer | 205 W Third Place | Russellville | AR | 72801 | 8.70 |
| City of Austin | P.O. Box 2267 | Austin | TX | 78783-2267 | $391.71 |
| City of Mattoon, Finance Dept | 208 N 19th St P.O. Box 99 | Mattoon | IL | 61938 | 12.65 |
| City of Raytown | 10000 E 59th Street | Raytown | MO | 64133 | 10.61 |
| City of Raytown | 10000 E 59th Street | Raytown | MO | 64133 | 6.78 |
| City Water Light & Power | Municipal Center West 300 S. 7th St., Room 101 | Springfield | IL | 62757-0001 | $87.03 |
| Comcast | P.O. Box 2127 | Norcross | GA | 30091-2127 | 143.77 |
| Comed | P.O. Box 6111 | Carol Stream | IL | 60197-6111 | $236.84 |
| Comed | P.O. Box 6111 | Carol Stream | IL | 60197-6111 | $32.38 |
| Duke Energy | P.O. Box 70516 | Charlotte | NC | 28272 | $201.03 |
| Duke Energy | P.O. Box 1003 | Charlotte | NC | 28201-1003 | $541.30 |
| Empire District | P.O. Box 219239 | Kansas City | MO | 64121-9239 | $147.31 |
| Entergy | P.O. Box 8105 | Baton Rouge | LA | 70891-8105 | $442.35 |

9875457.1

| Utility Provider | Address | City | State | Zip | Proposed Deposit |
|---|---|---|---|---|---|
| Entergy | P.O. Box 8103 | Baton Rouge | LA | 70891-8103 | $519.15 |
| Entergy | P.O. Box 8108 | Baton Rouge | LA | 70891-8108 | $10.01 |
| Entergy | P.O. Box 8103 | Baton Rouge | LA | 70891-8103 | $27.53 |
| Entergy | P.O. Box 8101 | Baton Rouge | LA | 70891 | $349.81 |
| Entergy | P.O. Box 8101 | Baton Rouge | LA | 70891 | $110.37 |
| Entergy | P.O. Box 8108 | Baton Rouge | LA | 70891-8108 | $81.98 |
| EPB | P.O. Box 182254 | Chattanooga | TN | 37422 | $22.26 |
| First Morgan LLC | 201 N Meramec | Clayton | MO | 63105 | $222.04 |
| Frontier Communications | P.O. Box 740407 | Cincinnati | OH | 45274-0407 | 30.42 |
| Frontier Communications | P.O. Box 740407 | Cincinnati | OH | 45274-0407 | 47.69 |
| Georgia Power | 96 Annex | Atlanta | GA | 30396-0001 | $11.54 |
| Georgia Power | 96 Annex | Atlanta | GA | 30396-0001 | $71.58 |
| Georgia Power | 96 Annex | Atlanta | GA | 30396-0001 | $879.35 |
| Groot Industries, Inc | P.O. Box 803 | Elk Grove Village | IL | 60009-0803 | 116.76 |
| Gulf Power | P.O. Box 830660 | Birmingham | AL | 35283-0660 | $33.20 |
| Heartland Waste | P.O. Box 1227 | Warrensburg | MO | 64093 | 39.23 |
| Howard's Disposal Inc | 2822 N County Road 330 E | Mattonn | IL | 61938 | 63.46 |
| Illinois American Water | P.O. Box 3027 | Milwaukee | WI | 53201-3027 | 11.76 |
| Illinois American Water | P.O. Box 3027 | Milwaukee | WI | 53201-3027 | 84.39 |
| Illinois American Water | P.O. Box 3027 | Milwaukee | WI | 53201-3027 | 12.61 |
| Jackson County Public Water | 6945 Blue Ridge Blvd | Raytown | MO | 64133-5695 | 9.96 |
| KC P&L | P.O. Box 219703 | Kansas City | MO | 64121 | $8.63 |
| KC P&L | P.O. Box 219703 | Kansas City | MO | 64121 | $365.90 |
| L G & E, a PPL Company | P.O. Box 9001960 | Louisville | KY | 40290-1960 | $316.16 |
| Laclede Gas | Drawer 2 | St Louis | MO | 63171 | $65.38 |
| Laclede Gas Company | Drawer 2 | St Louis | MO | 63171 | $185.09 |
| Liberty Utilities | 75 Remittance Drive, Suite 1741 | Chicago | IL | 60675-1741 | $16.61 |
| Mississippi Power | P.O. Box 245 | Birmingham | AL | 35201-0245 | $97.82 |

9875457.1

| Utility Provider | Address | City | State | Zip | Proposed Deposit |
|---|---|---|---|---|---|
| Missouri Gas Energy | Drawer 2 | St Louis | MO | 63171 | $15.34 |
| Nashville Electric | P.O. Box 305099 | Nashville | TN | 37230 | $68.78 |
| National Waste & Disposal | P.O. Box 1828 | Catoosa | OK | 74015 | 148.72 |
| Nicor | P.O. Box 5407 | Carol Stream | IL | 60197 | $42.42 |
| Nipsco | P.O. Box 13007 | Merrillville | IN | 46411 | $356.28 |
| OG&E Electric Services | P.O. Box 24990 | Oklahoma City | OK | 73124-0990 | $233.51 |
| Oklahoma Gas & Electric | P.O. Box 24990 | Oklahoma City | OK | 73124-0990 | $72.50 |
| Oklahoma Natural Gas | P.O. Box 219296 | Kansas City | MO | 64121-9296 | $24.91 |
| Omaha Public Power | 444 S 16th St | Omaha | NE | 68102 | $0.50 |
| Ozarks Electric Cooperative | P.O. Box 420 | Mt Vernon | MO | 65712-0420 | $93.20 |
| Ozarks Electric Cooperative | P.O. Box 420 | Mt Vernon | MO | 65712-0420 | $325.64 |
| PSNC Energy | P.O. Box 100256 | Columbia | SC | 29202 | $15.12 |
| Public Svc Co of OK | P.O. Box 24421 | Canton | OH | 44701-4421 | $201.87 |
| Public Svc Co of OK | P.O. Box 24421 | Canton | OH | 44701-4421 | $107.35 |
| Public Water Supply District 3 of Johnson County | 106 SE 421 Rd | Warrensburg | MO | 64093 | 9.55 |
| Quality Disposal Company | 38 N East Street | Farmington | IL | 61531 | 122.31 |
| Republic Service #832 | P.O. Box 1249 | Sulphur | LA | 70664-124949 | 73.45 |
| Republic Service #869 | 1010 Roger Rd | Marks | MS | 38646-978080 | 76.50 |
| Republic Services #394 | 2115 West Bennett | Springfield | MO | 65807-122222 | 42.01 |
| Republic Services #715 | 865 Wheeler Street | Crown Point | IN | 46307-275151 | 164.50 |
| Republic Services #820 | 12451 Leisure Road | Baton Rouge | LA | 70807-141212 | 100.70 |
| SCE&G | P.O. Box 100255 | Columbia | SC | 29202-3255 | $37.23 |
| SCE&G | P.O. Box 100255 | Columbia | SC | 29202-3255 | $233.24 |
| Sonny's Solid Waster | P.O. Box 791 | Sikeston | MO | 63801 | 29.08 |

16

9875457.1

| Utility Provider | Address | City | State | Zip | Proposed Deposit |
|---|---|---|---|---|---|
| Southern Pine Electric | P.O. Box 60 | Taylorsville | MS | 39168-0060 | $18.63 |
| Southwestern Electric | P.O. Box 24422 | Canton | OH | 44701-4422 | $229.22 |
| Southwestern Electric | P.O. Box 24422 | Canton | OH | 44701-4422 | $80.25 |
| Spectrum Business | 4145 S Falkenburg Rd | Riverview | FL | 33578-8652 | 198.23 |
| Spectrum Business | P.O. Box 77169 | Charlotte | NC | 28271-7169 | 238.37 |
| Spectrum Business | P.O. Box 790086 | St. Louis | MO | 63179 | 24.00 |
| Spectrum Business | P.O. Box 790086 | St. Louis | MO | 63179-0086 | 102.27 |
| Sprint | P.O. Box 4181 | Carol Stream | IL | 60197 | 1,394.14 |
| Ted's Trash Service | P.O. Box 520230 | Independence | MO | 64052-3798 | 79.62 |
| Texas Gas Service Company | P.O. Box 219913 | Kansas City | MO | 64121 | $21.17 |
| The City of Oklahoma City | 1 N Walker Ave | Oklahoma City | OK | 73102 | 11.97 |
| Tri County Electric | P.O. Box 369 | Mount Vernon | IL | 62864 | $138.56 |
| Tri Eagle Energy | 2620 Technology Forest Blvd | The Woodlands | TX | 77381 | $165.13 |
| Valparaiso City Utilities | 205 Billings St | Valparaiso | IN | 46383 | 15.93 |
| Vectren | P.O. Box 6250 | Indianapolis | IN | 46206-6250 | $262.00 |
| Verizon | P.O. Box 4001 | Acworth | GA | 30101 | 803.70 |
| Verizon | P.O. Box 4001 | Acworth | GA | 30101 | 2,855.63 |
| Waste Connections of Missouri | 196 NW Industrial Court | Bridgeton | MO | 63044-1276 | 308.64 |
| Waste Connections of Oklahoma | 4625 South Rockwell | Oklahoma City | OK | 73179-6415 | 82.40 |
| Waste Connections of Texas | P.O. Box 1598 | Humble | TX | 77347 | 590.90 |
| Waste Management of Atlanta Hauling | P.O. Box 105453 | Atlanta | GA | 30348-5453 | 121.29 |
| Waste Management of Texas | P.O. Box 660345 | Dallas | TX | 75266-0345 | 219.46 |
| WC of Texas | P.O. Box 162479 | Ft. Worth | TX | 76161-2479 | 131.75 |
| West Central | P.O. Box 452 | Higginsville | MO | 64037 | $192.68 |
| Westar Energy | P.O. Box 758500 | Topeka | KS | 66675-8500 | $95.14 |
| Windstream | P.O. Box 3177 | Cedar Rapids | IA | 52406-3177 | 70.71 |

9875457.1

| Utility Provider | Address | City | State | Zip | Proposed Deposit |
|---|---|---|---|---|---|
| Windstream | P.O. Box 3177 | Cedar Rapids | IA | 52406-3177 | 1,680.83 |
| | | | | **TOTAL:** | **$26,144.20** |

18

9875457.1